## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **TIMMY LYNN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:15-cv-0003** |
| | ) | |
| **W.B. MELTON, SHANNON HARVEY,** | ) | **Chief Judge Sharp** |
| **STEVE HOPPER, BETH DAVIS,** | ) | |
| **JOHN GARRETT, ERIN BULLARD, and** | ) | |
| **SHAWN SIDWELL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff Timmy Lynn, an inmate confined at the Robertson County Detention Center in Springfield, Tennessee, has filed this action under 42 U.S.C. § 1983 against Defendants W.B. Melton, Shannon Harvey, John Garrett, and Erin Bullard based on allegations of violations of his civil rights when he was housed at the Overton County Justice Center; against Defendants Steve Hopper and Beth Davis based on events that occurred when the plaintiff was incarcerated at the Smith County Detention Center; and against Shawn Sidwell, the plaintiff's former defense attorney. The complaint (ECF No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

### I.      Standard of Review

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny

on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II.     Factual Allegations

The plaintiff brings claims based on four separate events:

### Event #1

The plaintiff alleges that he was assaulted by another inmate, Gee, at the Overton County Detention Center on July 28, 2014 while the plaintiff was on protective-custody status. He alleges that the assault resulted from the deliberate and knowing acts of one correctional officer, "C/O Gary," who intentionally left a cell door open to permit Gee into the area where the plaintiff was. The plaintiff does not sue C/O Gary, however. Instead, he sues defendants W.B. Melton, Overton County Sheriff at the time the event occurred, and Shannon Harvey, Overton County Jail Administrator at the time. Although the plaintiff does not say so directly, it appears from the complaint that he sues defendants John Garrett and Erin Bullard on the basis that they are the current Overton County Sheriff and Jail Administrator, respectively.

### Event #2

On January 28, 2014, when the plaintiff was at the Smith County Detention Center, he was assaulted by his cellmate, Jonathon Woods, despite the fact that the plaintiff and Woods had filed grievances and made several written and verbal requests that they be separated based on their inability to "get along." (ECF No. 1, at 8.) The requests were denied. Woods eventually assaulted the plaintiff "due to their differences" (*id.*), injuring him badly enough that he was admitted to the Emergency Room in Cookeville, Tennessee. The plaintiff alleges that defendants Steve Hopper was Smith County Sheriff and Beth Davis was the Smith County Jail Administrator when the assault occurred.

### Event #3

In September 2013 and August 2014, the plaintiff was represented in his criminal cases by

attorney Shawn Sidwell of Overton County. The plaintiff alleges that Sidwell "knowingly and intentionally violated [the plaintiff's] civil and constitutional rights," and that Sidwell's "improper treatment, misrepresentation, and negligence" affected the plaintiff's cases and his safety. (ECF No. 1, at 9.)

### Event #4

The plaintiff alleges that on September 3, 2014, while he was incarcerated at the Overton County Detention Center, he was treated with excessive force by shift Sgt. Donnie Alred, who used pepper spray on the plaintiff and struck him repeatedly event though the plaintiff was handcuffed and subdued. Other correctional officers physically removed Sgt. Alred from the area so that the plaintiff's handcuffs could be removed and the pepper spray washed from his face. The plaintiff does not name Alred as a defendant.

The plaintiff sues all defendants in both their individual and official capacities.

## III.    Discussion

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

### A.    Event #1: Defendants Melton, Harvey, Garrett and Bullard

The plaintiff's first claims arise from an assault by another inmate, which Correctional Officer Gary failed to prevent. In fact, the plaintiff alleges that Gary intentionally allowed the assault to occur. While it is clear that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners*, Farmer v. Brennan*, 511 U.S. 825, 833 (1994), the plaintiff has not named Officer Gary as a defendant in this action. Instead, the plaintiff names defendants Melton and Harvey on the basis that they were sheriff and jail administrator at the time the assault occurred, and Garrett and Bullard (collectively with Melton and Harvey, the "Overton County Defendants") on the grounds that they are the current sheriff and jail administrator for Overton County. The plaintiff does not allege that these defendants were

aware of or had any participation in the incident. As previously stated, he sues all defendants in both their individual and official capacity.

To establish the liability of any defendant in his or her individual capacity, the plaintiff must show that that particular defendant was personally involved in the activities giving rise to the plaintiff's claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). *See also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability." (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991)). Here, because the plaintiff does not allege the personal involvement of any of the defendants in the events that led to the assault by inmate Gee, he has not established a basis for imposing individual liability on them.

In light of the defendants' lack of personal involvement, it appears that the plaintiff seeks to hold the Overton County Defendants, and in particular Melton and Harvey, liable on the basis that they functioned as Gary's supervisors. The law is clear, however, that "[r]espondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006) (citations omitted). Likewise, supervisory liability cannot be "based solely on the right to control employees" or "simple awareness of employees' misconduct," and "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Id.* (citations and quotation marks omitted). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (citations and quotation marks omitted; alteration in original). In other words, a supervisor can only be liable under § 1983 if he or she actually engaged in unconstitutional conduct. The plaintiff here has not alleged that any defendant engaged in unconstitutional behavior.

Nor do his allegations support a claim against the defendants in their official capacity. "In an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent." *United Pet Supply, Inc. v. City of Chattanooga, Tenn.*, 768 F.3d 464, 483 (6th Cir. 2014) (quoting *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993)). Thus, "[a] suit

against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Id.* (quoting *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). The entity, in this case, is Overton County, which employs the sheriff and jail administrator.

However, in order to hold a municipality such as Overton County responsible for an alleged constitutional deprivation, the plaintiff must establish a direct causal link between a municipal policy or custom and the deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To demonstrate this causal link, the plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citation omitted). The policy or custom "must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (citation and internal quotation marks omitted). In this case, the plaintiff does not allege the existence of an unconstitutional policy or custom or show that such a policy or custom was the cause of his alleged injury.

In sum, the complaint fails to state a claim against any of the named defendants, in their individual or official capacity, based on the acts of Correctional Officer Gary who, himself, is not named as a defendant. The claims against the Overton County Defendants will be dismissed for failure to state a claim, but the plaintiff will be given leave to amend his complaint to assert claims directly against Officer Gary.

### B.    Event #2: Defendants Hopper and Davis

The plaintiff alleges that he was assaulted and injured by his cellmate after he and his cellmate had both made repeated requests to be separated because they were "unable to get along." (ECF No. 1, at 8.) The plaintiff alleges that defendants Hopper and Davis (the "Smith County Defendants") were, respectively, Smith County sheriff and jail administrator at the time.

For the same reasons as those discussed above in connection with the claims against the Overton County Defendants, the complaint fails to state a claim against the Smith County Defendants in their individual or official capacity. First, insofar as the plaintiff is attempting to state a claim based on the Smith County Defendants' failure to protect him from the assault, such attempt fails, because the plaintiff has not alleged facts from which it may be inferred that these defendants were personally aware of his

requests to be separated from his cell mate and refused to act. Because there is no *respondeat superior* liability, these defendants cannot be vicariously liable for the actions, or failure to act, of officers under their supervision.

Moreover, even if could reasonably be inferred from the complaint that the Smith County Defendants were personally involved in the decision not to separate the plaintiff and his cellmate, the allegations in the complaint are still not sufficient to state a claim under § 1983. Notably, the plaintiff does not allege that that he was afraid of his cellmate, that his cellmate had actually threatened him with physical harm, that he had reason to believe that his cellmate posed a serious risk of harm to him, or that he gave notice to the defendants (or anyone else) that his cellmate was threatening him. Instead, he simply alleges that he and his cellmate were "unable to get along." In other words, they did not like each other.

Although, as set forth above, prison officials have a duty to protect prisoners from assault by other prisoners, the Supreme Court has recognized that jail and prison officials cannot be expected to prevent every assault before it occurs or to stop every assault in progress before injuries are inflicted. Thus, "a prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. That is, the inmate must show *both* that the risk of harm is sufficiently "serious," an objective inquiry, and that prison officials acted with "deliberate indifference" to inmate health or safety, a subjective inquiry. *Id.* at 837–38. In this case, the plaintiff does not allege that his cellmate posed an objectively serious risk of harm to him or that the defendants were subjectively aware of and deliberately disregarded any such risk. The complaint therefore fails to state a claim against the Smith County defendants in their individual capacity.

Regarding the official capacity claims, the complaint may be liberally construed as alleging that, pursuant to a custom or policy, jail officials did not separate all cellmates who reported that they did not like each other or were "unable to get along." But the plaintiff cannot establish that such a custom or policy is unconstitutional. Jails cannot be expected to acquiesce to every cell-assignment request made by inmates. Again, the plaintiff does not allege that his cellmate posed a threat of harm to him or that jail authorities were aware of but disregarded a threat of serious harm, nor does he allege the existence of a

policy pursuant to which jail officials refused cell reassignment requests even when one cellmate poses a serious risk of harm to the other.

The claims against the Smith County defendants will be dismissed for failure to state a claim for which relief may be granted. Because it is conceivable that the plaintiff could amend his complaint to assert facts showing that his cellmate posed an actual threat of harm to him and that the defendants were personally aware of the threat prior to the assault, these claims will be dismissed without prejudice.

###### C.     Event #3: Defendant Shawn Sidwell

The claims against Shawn Sidwell, the attorney who represented (and perhaps continues to represent) the plaintiff in underlying criminal proceedings, fail because Sidwell, in his traditional role as criminal defense counsel to the plaintiff, is not a person acting under color of state law who is subject to suit under § 1983.  *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Even if Sidwell was appointed by the court or a retained private attorney, the rule still applies. *See Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."); *James v. Mann*, 234 F.3d 1268  (Table), 2000 WL 1679505, at *1 (6th Cir. Oct. 30, 2000) (concluding that a retained attorney is not a person acting under color of state law and, thus is not subject to § 1983 suit)); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (private attorney does not act under color of state law despite the fact he has been appointed by the court).[1] The complaint therefore fails to state a claim against Sidwell in his individual capacity.

To the extent the plaintiff also sues Sidwell in his official capacity, that claim also fails, again because Sidwell is not an agent of any government body and was not a state actor. Moreover, the plaintiff does not allege that Sidwell acted pursuant to a custom or policy for which his employer (even if he were employed by the county) could be liable. The plaintiff therefore fails to state an official-capacity claim

---

[1] There are exceptions to this rule, but they do not apply here.  *See, e.g.*, *Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 612 (6th Cir. 2007) (holding that a public defender and public defender's office were subject to liability under § 1983 where the allegations supported a finding that the challenged action was administrative in nature and also was alleged to be an unconstitutional policy or custom), *cert. denied*, 555 U.S. 813 (2008).

against defendant Sidwell.

The claims against defendant Sidwell are therefore subject to dismissal for failure to state a claim for which relief may be granted. Because Sidwell is not an appropriate defendant in a § 1983 suit, the claim against him will be dismissed with prejudice.

### D. Event #4: Defendants Melton, Harvey, Garrett and Bullard

Claim 4, like Claim 1, is brought against the Overton County Defendants. It is based on the alleged use of excessive force by a specific correctional officer, Sgt. Donnie Alred, who is not named as a defendant. Claim 4 is subject to dismissal for the same reasons as Claim 1: The plaintiff has not sought to sue the person who is allegedly responsible for the use of excessive force and instead sues that individual's supervisors. The supervisory defendants cannot be liable merely because of their supervisory role, and the plaintiff does not allege their personal involvement in the alleged assault. Nor does he allege facts suggesting that the alleged use of excessive force resulted from the implementation of a policy or custom of the jail or county. The plaintiff fails to state a claim against defendants Melton, Harvey, Garrett and Bullard, in any capacity, based upon Officer Alred's alleged use of excessive force against the plaintiff. The claims against the Overton County Defendants will be dismissed, but the plaintiff will be given the opportunity to amend his complaint to name Alred as a defendant.

## V. CONCLUSION

For the reasons set forth herein, the Court finds that the complaint fails to state a claim under 42 U.S.C. § 1983 for which relief may be granted against any of the named defendants. The complaint is therefore subject to dismissal under the PLRA, but the plaintiff will be permitted to amend his complaint to name the appropriate defendants if he files a motion to amend his complaint under Rule 15(a)(2) and a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure within 28 days of entry of judgment in this matter.

An appropriate order is filed herewith.

KEVIN H. SHARP
Chief Judge
United States District Court